JOSEPH A. FORTIN *vs.* INHABITANTS OF EASTHAMPTON.

Hampshire.   Sept. 20. — Oct. 21, 1887.   C. ALLEN & HOLMES, JJ., absent.

In an action against a town for personal injuries occasioned to the plaintiff by a defect consisting of ice on the sidewalk of a street, there was evidence that the ice was in substantially the same condition at the time of the injury that it was in immediately after a storm of snow and rain occurring nine days before; that the sidewalk was a frequented one, and was during that time patrolled by a police officer and several times passed by a selectman; and that an attempt to clear the sidewalk, which left it in the condition testified to, was made before the ice was fully formed and more than a week before the injury. *Held*, that the defendant was not entitled to a ruling that there was no evidence for the consideration of the jury that the injury might have been prevented by reasonable care and diligence on the part of the defendant, or that the defendant had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in Easthampton. At the trial in the Superior Court, before *Knowlton, J.*, at the close of the testimony, the defendant requested the judge to rule that there was no evidence for the consideration of the jury, that the damage or injury might have been prevented by reasonable care and diligence on the part of the defendant, or that the defendant had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence. The judge declined so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The nature of the evidence appears in the opinion.

*W. G. Bassett*, for the defendant.

*D. W. Bond*, for the plaintiff.

W. ALLEN, J. The case assumes that a defect in the sidewalk caused injury to the plaintiff. The only questions raised are, whether there was any evidence that the defendant had notice of the defect; and whether there was any evidence that the defect might have been remedied, or the injury prevented, by reasonable care and diligence on the part of the defendant, so as to render the defendant liable under the Pub. Sts. *c.* 52, § 18.

The defect was the existence and condition of ice on the sidewalk. There was evidence from which the jury might have found that the ice was in substantially the same condition at the time of the injury that it was in when formed immediately after a particular storm of snow and rain which occurred at some time before the injury. The plaintiff and several witnesses called by him testified that the storm was on the Sunday before he was injured, which was on a Wednesday. But there was other evidence from recorded observations, which might have satisfied the jury that, as was argued to them by the plaintiff's counsel, these witnesses were mistaken, and that the storm occurred nearly a week before the time testified to by them.

The defendant contends that there was no evidence that the injury to the plaintiff was caused by the general rough and uneven condition of the ice, or by any defect except the particular one described by the plaintiff as a hole in the ice, and that there was no evidence that that particular defect had existed for any

considerable length of time. But we think that the jury would have been authorized to find that the attempt to clear the sidewalk, which left it in the condition testified to by the plaintiff, was made before the ice was fully formed, and more than a week before the injury to the plaintiff.

The jury may have found that the defect which caused the injury had existed for nine days in a frequented sidewalk, which during that time was patrolled by a policeman and several times passed by a selectman. Clearly these facts afford evidence of notice of the defect and of negligence in not remedying it.

*Exceptions overruled.*